380 A.2d 457

**COMMONWEALTH of Pennsylvania**

v.

**Robert HUTSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided Dec. 2, 1977.

David E. Auerbach, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from the August 24, 1976, Order of the lower court dismissing appellant's application to withdraw guilty plea. Appellant had been charged with robbery, "Crimes Code", Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 3701, and had pled not guilty at preliminary hearing. However, on July 21, 1976, appellant caused to be filed a statement wherein he acknowledged that he had been advised of the nature of the charge against him, that he understood his rights as a criminal defendant, and that he now was pleading guilty. This statement is contained on a mimeographed, one-and-a-half page form which the defendant signed and which his attorney signed stating that he had advised his client of his rights and that in his opinion his client understands them. On October 3, 1975, appellant was sentenced.

On November 3, 1975, appellant caused a direct appeal to be filed with our Court at No. 374 October Term, 1976. In connection with that appeal we received a stipulation signed by attorneys for the Commonwealth and the appellant to the effect that they agreed that the record should be remanded to the lower court so that appellant could file a petition to withdraw his guilty plea. *Per curiam,* on April 6, 1976, we granted this petition and remanded the record for the stated purpose.

On June 1, 1976, appellant caused such a petition to be filed, averring only that he had pled guilty and been sentenced, that we had allowed the filing of the petition, and that he "requests that his guilty plea by (sic) withdrawn and

further that his sentence be reconsidered." A rule to show cause why the guilty plea should not be withdrawn and the sentence reconsidered was issued returnable for a hearing on June 24, 1976. On that day appellant was not present, his attorney apparently having failed to arrange for his "bring-up" from the Dallas Correctional Institution, the lower court dismissed the petition because the term in which he had been sentenced had passed and reconsideration of sentence could not occur. An Order dated August 24, 1976, was issued finally disposing of the petition, and it is this Order now appealed.

We are greatly troubled by the procedure in this case. We were presented with, and agreed to, the aforementioned stipulation filed by Ralph B. D'Iorio, Esq., Assistant District Attorney and David E. Auerbach, Esq., Assistant Public Defender, for appellant. The record was remanded, and there followed a wholly ineffectual petition to withdraw the guilty plea, wherein no reasons were averred, and which asked that the sentence be reconsidered, a request improperly included. To compound this situation, the lower court dismissed the petition without any consideration of the merits of appellant's claim, or comment upon the lack of a proper petition, and based dismissal upon the Act of 1959, June 1, P.L. 342, 12 P.S. § 1032, which Act allows the trial court thirty days following final order, judgment or sentence in which to modify its final adjudication. More than such period having passed in this case, the lower court would not entertain the petition. Thus we find that the petition to withdraw guilty plea, whose filing we allowed, was dismissed without a hearing for a reason not pertinent to the petition which we had authorized.

To rectify this situation, we remand the record to the court below. The attorney for appellant herein is directed to present to the lower court an amended petition to withdraw the guilty plea in proper form, and containing only such matter as may be germane to the withdrawal of the guilty plea. It is further ordered that a hearing be held by the court below and the propriety of the request to withdraw the guilty plea be determined.